**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

ROBERT DOVER                                                                                    PLAINTIFF


v.                                           2:20-cv-00172-BSM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

        This recommended disposition has been submitted to United States District Judge Brian S. Miller.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

        Plaintiff, Robert Dover, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income.   Both parties have submitted briefs and the case is ready for a decision.

        A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is forty-seven years old.  (Tr. 78.)  He went as far as the ninth grade in school (*id.*) and has past relevant work as a light truck driver, building maintenance repair person, and maintenance supervisor.   (Tr. 27.)

The ALJ[1] found Mr. Dover had not engaged in substantial gainful activity since January 5, 2014 - the alleged onset date.  (Tr. 13.)   He has "severe" impairments in the form of psoriatic arthritis, degenerative disc disease, vision loss in one eye, obesity, generalized anxiety disorder, and major depressive disorder.   (*Id.*)   The ALJ further found Mr. Dover did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R.

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.   20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

Part 404, Subpart P, Appendix 1.[2]   (Tr. 14-18.)

The ALJ determined Mr. Dover had the residual functional capacity to perform a reduced range of light work given his mental and physical impairments.  (Tr. 18.)  Based on the residual functional capacity assessment, the ALJ determined Mr. Dover could no longer perform his past relevant work.  (Tr. 27-28.)  The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  Based on the testimony of the vocational expert, (Tr. 65-72), the ALJ determined he could perform the jobs of router and price marker.  (Tr. 29.)  Accordingly, the ALJ determined Mr. Dover was not disabled.  (*Id.*)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of his Complaint, Plaintiff argues that the ALJ incorrectly discounted the opinions of his treating doctor, Dennis Yelvington, M.D.   (Doc. No. 8 at 12-19.)  Dr. Yelvington provided a Medical Assessment (Tr. 891-893) and, if fully credited, his opinions would likely mean that Plaintiff is disabled. However, the ALJ gave little weight to his opinions.  The ALJ stated:

> Dr. Yelvington's various opinions are not persuasive and given little weight. The undersigned is mindful of the treating relationship between Dr. Yelvington and the claimant. However, Dr. Yelvington does not appear to be familiar with the SSA disability or evidentiary requirements. Further, Dr. Yelvington's opinion that the claimant can sit or stand for, at most, five minutes at a time, neither stoop or bend for any period of time, nor use his bilateral upper extremities for any tasks during an eight-hour workday is inconsistent and unsupported by the medical record.
>
> Specifically, these functional restrictions are unsupported by the claimant's repeatedly normal in person examinations of record, his largely conservative medical treatment, and even Dr. Yelvington's own treatment notes, which reflect

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

no acute musculoskeletal abnormalities (1F, 2F, 5F, 8F, 10F, 12F-14F, 16F, 18F, 19F, 21F-23F, 26F-29F, 31F).

The claimant has repeatedly demonstrated only minimal inflammation and tenderness of his hands, for example (1F, 5F, 8F, 14F, 21F, 22F/1-7, 23F/1-3, 26F/7-10, 22-25, 27F). In addition, repeated clinical examinations of the claimant failed to reveal any apparent change or other deterioration in his condition warranting the wide range of functional limitations suggested by Dr. Yelvington (2F/11-12, 19, 16F/5, 18F/5, 19F, 23F/36-37, 26F/10-15, 87-88, 99-100, 110- 112, 123-124).

In fact, the claimant has demonstrated that he is fully capable of attending regularly scheduled medical appointments without issue. Dr. Yelvington's above opinions are significantly inconsistent and unsupported by this medical evidence.

(Tr. 24.)

Plaintiff correctly notes that his treating doctor should generally be given deference. However, after a close review of the medical evidence, I find that ALJ properly evaluated the opinions of Dr. Yelvington.   Most importantly, the ALJ is correct that the medical records fail to support Dr. Yelvington's conclusions.   On examination, Plaintiff's doctors noted nothing that could be considered disabling.   (Tr. 548-553, 560-576, 597-604, 611-651, 689-697, 706-711, 713-714, 758-889, 1071-1086.) And as the Commissioner notes, Plaintiff's doctors routinely recommended diet and exercise – which is consistent with the ability to engage in light work activities.   (Tr. 612, 615, 621, 628, 632, 636, 642, 646, 690, 693, 696, 860, 864, 867-868, 870, 880, 883.)   Accordingly, the ALJ correctly gave little weight to his opinions.

As the United States Court of Appeals for the Eighth Circuit has reiterated:

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.  20 C.F.R. § 404.1527(c)(2).   Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.  *Id.*  "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman*

4

v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).   Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion.   20 C.F.R. § 404.1527(c)(2).

Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012).

The ALJ accurately accounted for the limitations supported by the record and correctly concluded Plaintiff could perform a reduced range of light work activities.   Accordingly, I also find no basis to overturn the ALJ's subjective symptom evaluation or residual functional capacity assessment.   (Doc. No. 8 at 19-22.)   Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task.   Mr. Dover clearly has limitations and some serious health issues.   However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Plaintiff's counsel has done an admirable job advocating for Mr. Dover's rights in this case. However, the objective medical records simply fail to support a claim of *complete disability*. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 1382(a)(3)(A).   A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

As the ALJ recited in her opinion, ". . . the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ."   (Tr. 21.)   This finding

5

is supported by substantial evidence.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 5th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

6